UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TRACY I.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. C21-5166-BAT

**ORDER REVERSING THE COMMISSIONER'S DECISION AND REMANDING**

Plaintiff appeals the ALJ's decision finding her not disabled. She contends the ALJ misevaluated medical opinion evidence and lay testimony, and erred at step five. Dkt. 15 at 1. For the reasons below, the Court **REVERSES** this case and **REMANDS** it for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is currently 49 years old, has a tenth-grade education and a GED, and previously worked as a grocery deli clerk and health care intake patient aide. Tr. 208, 380. In November 2016, she applied for benefits, alleging disability as of May 7, 2016. Tr. 258-64. Her application was denied initially and on reconsideration. Tr. 286-92, 294-300. The ALJ conducted a hearing in May 2018 (Tr. 193-250), and subsequently found Plaintiff not disabled.

ORDER REVERSING THE COMMISSIONER'S DECISION AND
REMANDING - 1

Tr. 174-86. As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. Tr. 13-18.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since the alleged onset date.

**Step two:** Plaintiff has the following severe impairments: left hip degenerative joint disease and trochanteric bursitis, status post total hip arthroplasty, degenerative disc disease of the lumbar spine, obesity, and major depressive disorder.

**Step three:** These impairments did not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity ("RFC"):** Plaintiff can perform light work with additional limitations: she can stand/walk for two hours out of an eight-hour workday. She can occasionally climb ramps or stairs, balance, and stoop. She can perform work that does not require climbing ladders, ropes, or scaffolds; kneeling; crouching; or crawling. She can perform work that does not require exposure to extreme cold, vibration, or hazards. She can perform simple, routine tasks within customary workplace tolerances. She can have superficial contact with the public. She needs a predictable, routine work environment.

**Step four:** Plaintiff cannot perform her past work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, she is not disabled.

Tr. 174-86.

## DISCUSSION

**A.    Medical Opinion Evidence**

Plaintiff contends the ALJ erroneously discounted the opinions of Stephanie Hanson, Ph.D., Kimberley Marin, ARNP; William Chang, PA-C; and Robert Tamurian, M.D. Plaintiff

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

applied for benefits before March 27, 2017, and thus 20 C.F.R. § 404.1527 applies to the ALJ's consideration of medical opinions.

       1.      *Examining Psychologist Stephanie Hanson, Ph.D.*

Dr. Hanson examined Plaintiff in January 2017 and wrote a narrative report describing many disabling symptoms and limitations. Tr. 1125-28. The ALJ rejected Dr. Hanson's opinion Plaintiff has significantly deficits in concentration, learning new tasks, and completing a normal work week as inconsistent with the record. Tr. 184. The ALJ erred because the ALJ must offer more than her own conclusions. *See Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir.1988) ("The ALJ must do more than offer his own conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.). Here the ALJ rejected Dr. Hanson's opinion based upon a conclusory statement and therefore erred.

The ALJ also rejected Dr. Hanson's opinion as "based largely on the claimant's self-reports." Tr. 184. Neither the ALJ nor Dr. Hanson found Plaintiff was malingering. An ALJ errs in rejecting a medical opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports her ultimate opinion with her own observations. *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001). Dr. Hanson performed a professional psychological assessment and in her clinical judgment found Plaintiff's ability to work was limited. The ALJ accordingly erred in rejecting Dr. Hanson's as overly reliant on Plaintiff's self-reports.

Finally, the ALJ rejected Dr. Hanson's opinion on the grounds the doctor examined Plaintiff only once and other mental status exams found Plaintiff with stable symptoms. The ALJ is required to consider all relevant evidence. An examining doctor's opinion is relevant evidence and cannot be excluded because only one examination was performed. If this were not the case,

the ALJ should never consider the opinion of most examining doctors because most conduct just one exam. The ALJ may reject an examining doctor's opinion as contradicted by other medical evidence. The ALJ stated other treating sources found Plaintiff more stable than Dr. Hanson did. But as noted above a conclusory statement is insufficient to reject a medical opinion. *Embrey, supra* at 421-22 ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim."). Here the ALJ provided nothing more than a conclusory statement and accordingly erred.

The Court notes the ALJ viewed Dr. Hanson's opinion Plaintiff would not be able to maintain work as an issue reserved to the Commissioner. A doctor's opinion a claimant is disabled is not binding on the ALJ, *see, e.g., Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir.2001). But the ALJ rejected an opinion about a limitation, not an opinion Plaintiff was disabled. Dr. Hanson's opinion Plaintiff likely cannot maintain work is similar to the reviewing doctors' opinion Plaintiff was moderately limited in her ability to complete a normal workday or workweek, Tr. 278. The ALJ did not reject the reviewing opinion as intruding upon an issue reserved to the Commissioner and instead gave it great weight. Tr. 183.

For all of the reasons above, the Court accordingly concludes the ALJ erred in discounting Dr. Hanson's opinions.

2. *Treating Providers Kimberley Marin, ARNP; William Chang, PA-C; and Robert Tamurian, M.D.*

Plaintiff's treating providers described her limitations during the period immediately surrounding her hip replacement (Tr. 1357-1531). The ALJ discounted these opinions finding

they described temporary limitations expected to last less than the requisite 12 months, and thus had limited probative value in determining Plaintiff's RFC. Tr. 184.

Plaintiff argues the ALJ erred in failing to consider the later treatment notes indicating she developed a new condition diagnosed in 2018. Dkt. 15 at 11 (citing Tr. 1652). Dr. Tamurian indeed listed enthesopathy of the hip during a two-year follow-up appointment after the hip replacement, and prescribed massage therapy. Tr. 1652. But Dr. Tamurian did not suggest in the 2018 notes he was reimposing the earlier post-surgery restrictions and did not find any other functional limitations. *See* Tr. 1650-61. Rather, the doctor noted Plaintiff was doing "OK," has "resumed full activity in keeping with standard restrictions for total joint replacement," and "has returned to work and / or recreational sport and they are not requiring analgesics." Tr. 1653.

Even if, as Plaintiff contends, the 2018 notes show she still experienced pain and discomfort years after her hip replacement, the notes do not show the ALJ unreasonably discounted the post-surgery opinions as describing temporary limitations, or omitted probative evidence contained in the 2018 notes. *See, e.g.*, *Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) (affirming an ALJ's finding that treating physicians' short term excuse from work was not indicative of "claimant's long term functioning"). The Court accordingly affirms this portion of the ALJ's decision.

**B.      The Lay Statement of Plaintiff's Husband**

Plaintiff's husband completed a third-party function report. Tr. 391-98. The ALJ found Plaintiff's husband described Plaintiff was limited than she claimed, although he completed his report just a few days before Plaintiff completed her own function report. Tr. 184. The ALJ found this inconsistency, as well as the inconsistency between the statement and other evidence undermined Plaintiff's husband's statement. Tr. 184.

ORDER REVERSING THE COMMISSIONER'S DECISION AND
REMANDING - 5

Plaintiff argues her husband's statement is not materially different from hers, arguing any difference is "minimal." Dkt. 15 at 13. A comparison of the two statement undercuts this argument. Plaintiff stated, for example, she can walk for 20 minutes without pain or fatigue (Tr. 411) and can lift 20 pounds. Tr. 416. However, her husband said she can only walk 100 feet before needing to rest and can only lift 5 or 10 pounds. Tr. 396. It was thus not unreasonable for the ALJ to find Plaintiff's husband described Plaintiff to be far more limited than she claimed; this discrepancy is a valid reason to discount Plaintiff's husband's statement. *See, e.g.*, *Burdon v. Colvin*, 650 F. App'x 535, 537 (9th Cir. May 27, 2016) (affirming ALJ's rejection of a lay statement that was inconsistent with the claimant's own reports). The ALJ gave other reasons to reject the lay testimony but any error associated with the additional reasons is harmless because the ALJ provided a valid reason supported by substantial evidence. The Court affirms the ALJ's assessment of Plaintiff's husband's testimony.

C.     The ALJ's Step-Five Findings

Plaintiff argues the ALJ's step five findings are erroneous. The Court need not resolve this argument, now, because the case must be remanded for further proceedings and the outcome of those proceedings may alter the RFC determination and the subsequent steps of the disability evaluation process.

/

/

/

/

/

/

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED**, and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall reassess the opinion of Dr. Hanson, develop the record and redetermine Plaintiff's RFC as needed, and proceed to the remaining steps as appropriate.

DATED this 21st day of October, 2021.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge